UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SARA CARUSO,**<br>      **Plaintiff,**<br>v.<br>**DELTA AIR LINES, INC.**<br>      **Defendant.** | C.A. No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), hereby files its Notice of Removal of this action to the United States District Court for the District of Massachusetts based on federal question jurisdiction and diversity of citizenship pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support thereof, and for the purposes of removal only, Defendant states the following:

**I. TIMELINESS OF REMOVAL**

1. On December 30, 2019, Plaintiff Sara Caruso ("Plaintiff") filed a lawsuit in the Commonwealth of Massachusetts, Suffolk County Superior Court entitled *Sara Caruso v. Delta Airlines*, Civil Docket No. 1984CV04014. On January 2, 2020, Plaintiff's counsel sent by e-mail a copy of the Complaint to undersigned counsel for Delta.

2. On January 13, 2020, counsel for Delta received by regular mail copies of the Summons, Civil Action Cover Sheet, and the state court tracking order. On January 14, 2020, counsel for Delta returned to Plaintiff an Affidavit of Accepting Service, *See* Exhibit A. Copies of the Complaint, Civil Action Cover Sheet, and Summons are attached as Exhibits B, C, and D, respectively.

1

3.  The foregoing are the only process, pleadings, discovery or orders known by Defendant to have been filed or purportedly served in this action.

4.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendant.

## II.  VENUE

5.  The Superior Court for Suffolk County of the Commonwealth of Massachusetts is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.  BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

6.  This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.  Plaintiff's Complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and asserts related state law claims under M.G.L. ch. 151B for sex and disability discrimination, and for retaliation.

8.  By asserting claims under federal law, namely, Title VII and the ADA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

A.  **SUPPLEMENTAL JURISDICTION**

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact ... such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Here, Plaintiff's state law claims for various forms of sex and disability discrimination, aiding and abetting, and for retaliation under M.G.L. ch. 151B relate closely to her Title VII and ADA claims. The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with, and resignation from, Delta. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the federal claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

IV. **BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

12. This action is properly removable because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States...."

### A. AMOUNT IN CONTROVERSY

13. This is an action to recover damages for alleged violations of Mass. Gen. Laws ch. 151B § 4, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; and the Americans with Disabilities Act, 42 U.S.C. § 12112, 12203(a)-(b). In the Civil Action Cover Sheet, Plaintiff alleges that she is owed $5,000,000 in "G.L. c. 151B damages." *See* Exhibit B.

14. Accordingly, based on all the foregoing, it is clear that the amount in controversy as pleaded by Plaintiff exceeds the sum or value of $75,000, exclusive of interest and costs.

### B. DIVERSITY IN CITIZENSHIP

15. Plaintiff Sara Caruso is a natural person domiciled in the state of Utah and was domiciled at said location at the time such action was commenced. *See* Exhibit B.

16. Defendant is a Delaware corporation, with its principal place of business in Atlanta, Georgia. *See* Exhibit E – Declaration of Sheandra R. Clark, at ¶ 3; 28 U.S.C. § 1332(c)(1).

17. Accordingly, complete diversity of citizenship exists.

## IV. CONCLUSION

18. To date, Defendant has not filed any responsive pleadings in Plaintiff's state court action, and no other proceedings have transpired in that action.

19. Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of removal, along with a copy of this Notice will be filed with the Superior Court of Suffolk County, Massachusetts. Additionally, a copy of the notice to the state court and a copy of this Notice will also be served upon Plaintiff's counsel.

20.     Pursuant to Local Rule 81.1, Defendant will file with the Court certified or attested copies of all records, proceedings and docket entries in the state court within twenty-eight (28) days after filing this Notice of Removal.

21.     By removing this matter, Defendant does not waive, or intend to waive, any defense.

**WHEREFORE**, Defendant respectfully requests to remove the aforesaid action to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DELTA AIR LINES, INC.

By its attorneys,

/s/ Lorenzo R. Cabantog
Lisa Stephanian Burton (BBO #562096)
lisa.burton@ogletree.com
Lorenzo R. Cabantog (BBO # 692298)
lorenzo.cabantog@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA  02108
Telephone:  617-994-5700
Fax:  617-994-5701

Dated: January 29, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, a true copy of the above document was filed through the Court's electronic filing system and served via electronic and first-class mail upon counsel for the Plaintiffs as follows:

>Eric LeBlanc, Esq.
>eleblanc@bennettandbelfort.com
>Michaela May, Esq.
>mmay@bennettandbelfort.com
>24 Thorndike Street, Suite 300
>Cambridge, MA 02141

41330061.1