## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SARA CARUSO,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **C.A. No. 1:20-cv-10180-MBB** |
| **DELTA AIR LINES, INC,** | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Delta Air Lines, Inc. ("Delta"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby file their Answer to Plaintiff Sara Caruso's ("Plaintiff" or "Ms. Caruso") Complaint. Defendant denies any factual allegations and legal conclusions in the Complaint not otherwise specifically admitted herein. In response to the numbered paragraphs in the Complaint, Defendant states as follows:

## INTRODUCTION[1]

1.      Plaintiff purports to describe the allegations of the Complaint in Paragraph 1 and therefore no answer is required. To the extent an answer is required, Defendant denies any allegations contained Paragraph 1 and the "Introduction."

## PARTIES

2.      Based on information and belief, the Defendant admits the allegations in Paragraph 2 of the Complaint.

---

[1] Defendant includes the headings set forth in Plaintiff's Complaint solely for consistency and clarity. Defendant's use of these headings shall not constitute an admission of any alleged fact or conclusion of law set forth in Plaintiff's Complaint.

3.     Defendant denies the allegations in Paragraph 3 except admits that Delta Air Lines, Inc. is a Delaware corporation and that one of the addresses at its principal place of business in Atlanta, Georgia is 1030 Delta Blvd., Atlanta, GA 30320.

## JURISDICTION AND VENUE

4.     Paragraph 4 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 4 contains factual allegations, Defendant denies such allegations except to admit that jurisdiction in this Court is proper.

5.     Paragraph 5 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 5 contains factual allegations, Defendant denies such allegations except to admit that venue in this Court is proper.

## FACTUAL BACKGROUND

6.     Admitted.

7.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 concerning Plaintiff's residence and denies them on that basis. Defendant denies the remaining allegations in Paragraph 7 of the Complaint except admits that Delta employed Plaintiff as a flight attendant and her base was Boston-Logan International Airport.

8.     Admitted.

9.     Denied.

10.    Denied.

11.    Admitted.

12.    Based on information and belief, Defendant admits only that Plaintiff and three other Delta employees visited a number of restaurants in Dallas, Texas on the evening of August

3, 2018.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 12, and therefore denies such allegations.

13.     Based on information and belief, Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Denied.

15.     Based on information and belief, Defendant admits only that the First Officer bought drinks for Plaintiff and two other flight attendants.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 15 and therefore denies them.

16.     Based on information and belief, Defendant admits the allegations in Paragraph 16 of the Complaint.

17.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 concerning what Plaintiff recalls, and therefore denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 concerning what Plaintiff recalls, and therefore denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 and therefore denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 and therefore denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 and therefore denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 and therefore denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 and therefore denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 and therefore denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint except admits that Plaintiff traveled on a shuttle to Dallas-Fort Worth International Airport.

26.     Admitted.

27.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 and therefore denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits only that it removed Ms. Caruso as a flight attendant on her scheduled flight because her blood alcohol level exceeded both Department of Transportation and Delta approved limits.  Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Denied.

4

30.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 and therefore denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 and therefore denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 and therefore denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 33 and therefore denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 and therefore denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 and therefore denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 and therefore denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 and therefore denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 and therefore denies the allegations in Paragraph 38 of the Complaint.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 and therefore denies the allegations in Paragraph 42 of the Complaint.

43.     Denied.

44.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 concerning Plaintiff's memory and therefore denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 concerning any medical diagnosis and therefore denies the allegations in Paragraph 45 of the Complaint.

46.     Denied.

47.     Denied.

48.     Paragraph 48 of the Complaint appears to consist of a description of a document, which speaks for itself.  No further response is required.

6

49.     Paragraph 49 of the Complaint appears to consist of a description of a document, which speaks for itself.  No further response is required.

50.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 50 concerning what Plaintiff recalls and therefore denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 and therefore denies the allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 52 contains factual allegations, Defendant denies the allegations in Paragraph 52.

***Plaintiff's First Charge of Discrimination.***

53.     Defendant denies the allegations in Paragraph 53 of the Complaint except that it admits that Delta received, on or about December 20, 2018 a Charge of Discrimination filed by Plaintiff at the Massachusetts Commission Against Discrimination, MCAD Docket No. 18BEM03664, EEOC No. 16C-2019-00671.

54.     Paragraph 54 of the Complaint appears to consist of a description of a document, which speaks for itself.  No further response is required.

55.     Denied.

56.     Denied.

57.     Defendant admits that Plaintiff claims to suffer from post-traumatic stress disorder.  Defendant further admits it engaged in an interactive process as part of its reasonable

accommodation process with Plaintiff.  Defendant denies the remaining allegations in paragraph 57 of the Complaint.

58.     Defendant admits that Plaintiff claims to suffer from post-traumatic stress disorder.  Defendant further admits it engaged in an interactive process as part of its reasonable accommodation process with Plaintiff.  Defendant denies the remaining allegations in paragraph 58 of the Complaint.

59.     Denied.

60.     Defendant admits only that Plaintiff provided documents from her medical providers as part of the interactive process with Delta.  Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Paragraph 69 asserts no factual contentions or asserts only legal conclusions that do not require a response.  To the extent Paragraph 69 contains factual allegations, Defendant denies the allegations in Paragraph 69.

70.     Denied.

71.     Denied.

8

***Return to Work***

72.   Admitted.

73.   Admitted.

74.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 74 and therefore denies such allegations in Paragraph 74 of the Complaint.

75.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 75 and therefore denies such allegations in Paragraph 75 of the Complaint

76.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76 and therefore denies such allegations in Paragraph 76 of the Complaint.

77.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 77 and therefore denies such allegations in Paragraph 77 of the Complaint.

78.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 and therefore denies such allegations in Paragraph 78 of the Complaint.

79.   Denied.

80.   Denied.

81.   Defendant admits only that Plaintiff was scheduled to fly on an "Access Day," or "A-Day" which had a leg that included Dallas Fort-Worth International Airport.  Defendant denies the remaining allegation sin Paragraph 81 of the Complaint.

82.    Defendant admits only that Plaintiff did not travel as scheduled on June 8, 2019. Defendant denies the remaining allegations in Paragraph 82 of the Complaint.

83.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 83 and therefore denies such allegations in Paragraph 83 of the Complaint.

84.    Based on information and belief, Defendant admits the allegations in Paragraph 84 of the Complaint.

85.    Admitted.

86.    Defendant admits only that it learned that Plaintiff posted on Facebook about her claims against another Delta employee.  Delta denies the remaining allegations in Paragraph 86 of the Complaint.

87.    Denied.

88.    Paragraph 88 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 88 contains factual allegations, Defendant denies them.

89.    Denied.

90.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 90 and therefore denies such allegations in Paragraph 90 of the Complaint.

91.    Denied.

*The Second Charge of Discrimination*

92.     Defendant admits only that it received a copy of Plaintiff's amended Charge of
Discrimination on or about July 24, 2019.  Defendant denies the remaining allegations in
Paragraph 92 of the Complaint.

93.     Defendant admits only that the EEOC issued Plaintiff Dismissal and Notice of
Rights letters dated October 24 and October 28, 2019. Defendant lacks sufficient information or
knowledge to admit or deny the remaining allegations contained in Paragraph 93 and therefore
denies such allegations in Paragraph 93 of the Complaint.

94.     Admitted.

## CLAIMS
## COUNT I — SEXUAL HARASSMENT/SEX DISCRIMINATION
## IN VIOLATION OF G.L. c. 151B, 4 4 (1), (16A)

95.     Defendant repeats and restates its answers set forth in Paragraphs 1 to 94 as if
fully incorporated herein.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint and Subparts
(a)-(e), inclusive, to paragraph 96 of the Complaint.

97.     Denied.

## COUNT II — SEXUAL HARASSMENT/SEX DISCRIMINATION IN
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 4 2000e-2

98.     Defendant repeats and restates its answers set forth in Paragraphs 1 to 97 as if
fully incorporated herein.

99.     Denied.

11

## COUNT III — DISCRIMINATION ON THE BASIS OF DISABILITY
## IN VIOLATION OF G.L. c. 151B, 4 4(16)

100.   Defendant repeats and restates its answers set forth in Paragraphs 1 to 99 as if fully incorporated herein.

101.   Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 101 and therefore denies such allegations in Paragraph 101 of the Complaint.

102.   Paragraph 102 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 102 contains factual allegations, Defendant denies them.

103.   Paragraph 103 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 103 contains factual allegations, Defendant denies them.

104.   Denied.

105.   Defendant denies the allegations in Paragraph 105 except admits that Plaintiff applied for benefits under the Massachusetts Workers Compensation Act.

106.   Paragraph 106 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 106 contains factual allegations, Defendant denies them.

107.   Paragraph 107 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 107 contains factual allegations, Defendant denies them.

108.   Denied.

109.   Denied.

12

110.    Denied.

## COUNT IV —DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 4 12112

111.    Defendant repeats and restates its answers set forth in Paragraphs 1 to 110 as if fully incorporated herein.

112.    Denied.

## COUNT V — RETALIATION IN VIOLATION OF G.L. c. 151B, § 4(4)

113.    Defendant repeats and restates its answers set forth in Paragraphs 1 to 112 as if fully incorporated herein.

114.    Paragraph 114 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 114 contains factual allegations, Defendant denies them.

115.    Paragraph 115 asserts no factual contentions or asserts only legal conclusions that do not require a responsive pleading.  To the extent Paragraph 115 contains factual allegations, Defendant denies them.

116.    Denied.

## COUNT VI — INTERFERENCE WITH RIGHTS IN VIOLATION OF G.L. c. 151B, § 4(4A)

117.    Defendant repeats and restates its answers set forth in Paragraphs 1 to 116 as if fully incorporated herein.

118.    Denied.

## COUNT VII — AIDING AND ABETTING  IN VIOLATION OF G.L. c. 151B, § 4(5)

119.    Defendant repeats and restates its answers set forth in Paragraphs 1 to 118 as if fully incorporated herein.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint and Subparts (a) – (d), inclusive, to Paragraph 120 of the Complaint.

### COUNT VIII — RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. & 2000e-3(a)

121.    Defendant repeats and restates its answers set forth in Paragraphs 1 to 120 as if fully incorporated herein.

122.    Denied.

### COUNT IX — RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12203(a)-(b)

123.    Defendant repeats and restates its answers set forth in Paragraphs 1 to 122 as if fully incorporated herein.

124.    Denied.

In response to the unnumbered paragraph following Paragraph 124, beginning with "WHEREFORE," Defendant admits that Plaintiff demands damages and relief.  Further answering, to the extent that the "WHEREFORE" section of the Complaint contains any factual allegations, they are denied.  Further answering, Defendant denies that Plaintiff is entitled to any damages or relief requested in the "WHEREFORE" paragraph in Plaintiff's Complaint.


### JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury.

### AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

14

### Second Affirmative Defense

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands, and laches.

### Fourth Affirmative Defense

Plaintiff's claims must be dismissed because Defendant had a legitimate, nondiscriminatory reason for each job action it took regarding Plaintiff.

### Fifth Affirmative Defense

The Complaint should be dismissed because Plaintiff did not suffer any damages as a result of Defendant's actions.

### Sixth Affirmative Defense

Plaintiff has failed to mitigate her damages, and therefore any damages award that she may receive must be decreased based on that failure to mitigate her damages.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, her charges filed with the Massachusetts Commission Against Discrimination.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to exhaust her administrative remedies with any federal or state agency, including but not limited to the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission.

### Ninth Affirmative Defense

The Complaint should be dismissed because any damages that the Plaintiff may have suffered were not actually or proximately caused by any act(s) or omission(s) on the part of Defendant.

15

### Tenth Affirmative Defense

Any adverse employment action or employment decision taken with regard to Plaintiff was predicated upon grounds other than Plaintiff's alleged membership in any protected class, including her sex, gender, or disability.

### Eleventh Affirmative Defense

Plaintiff was not a qualified individual with a disability within the meaning of federal or state law.

### Twelfth Affirmative Defense

Defendant provided reasonable accommodations to Plaintiff to the extent required by law.

### Thirteenth Affirmative Defense

The Complaint fails to allege claims of aiding and abetting under Mass. Gen. Laws Ch. 151B, § 1 *et seq.*, against Defendant.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's tort and/or common law claims are barred by the Workers Compensation Act, Mass. Gen. L. ch. 152 § 24.

### RESERVATION OF RIGHTS

Defendant reserves the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or through discovery.

WHEREFORE, Defendant requests that the Court:

1. Dismiss the Complaint in its entirety, and

2. Grant such other and further relief as the Court deems just and proper

Respectfully submitted,

DELTA AIR LINES, INC.

By its attorneys,

/s/ Lisa Stephanian Burton
Lisa Stephanian Burton,  BBO# 562096
Lorenzo R. Cabantog BBO # 692298
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Floor 35, Suite 3500
Boston, MA 02108
Telephone:  617.994.5700
Facsimile:  617.994.5701

Dated: February 5, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2020, this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

\s Lisa Stephanian-Burton
Lisa Stephanian Burton

34337183.1